HELLEBUYCK *v.* HELLEBUYCK.

1. DIVORCE—INTERLOCUTORY ORDER—CLAIM OF APPEAL—LEAVE TO APPEAL.

   Claim of appeal from order setting aside an interlocutory decree of divorce is treated as a granted application for leave to appeal in order to permit entry of a final decree, where there are possible future proceedings under court rule (Court Rule No 60 [1945]).

2. SAME—COURT RULES.

   Provisions of court rule relevant to contents of decree of divorce before such rule was rendered inapplicable to such decrees controlled the decree (Court Rule No 51, § 6, as adopted in 1947).

3. SAME—INTERLOCUTORY DECREE—JURISDICTION.

   A trial court retains control of a decree of divorce during the required interlocutory period and is at liberty to set it aside for reasons constituting fair exercise of judicial discretion (Court Rule No 51, § 6, as adopted in 1947).

4. SAME—INTERLOCUTORY DECREE—DISCRETION OF COURT.

   Order of trial court setting aside decree of divorce while it was still interlocutory is affirmed, where there does not appear to have been an abuse of discretion in entering such order (Court Rule No 51, § 6, as adopted in 1947).

5. SAME—COSTS—BRIEF.

   No costs are allowed defendant husband who failed to submit a brief on wife's appeal in suit for divorce, where decree appealed from is affirmed.

Appeal from Macomb; Noe (Alton H.), J. Submitted June 12, 1957. (Docket No. 57, Calendar No. 46,913.) Decided September 4, 1957.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 17 Am Jur, Divorce and Separation § 484 *et seq.*
[2] 17 Am Jur, Divorce and Separation § 462.
[5] 17 Am Jur, Divorce and Separation §§ 588, 645.

Bill by Simona M. Hellebuyck against George Hellebuyck for divorce. Decree for plaintiff. On defendant's motion, order entered setting aside decree. Plaintiff appeals. Affirmed.

*Frank J. Starkey,* for plaintiff.

BLACK, J. This is a divorce case. The innocent victims are 4 daughters, "ranging in ages from 13 years to 5 years" at the time of filing of bill (February 18, 1954). The case is here, on appeal claimed of right by plaintiff, from an order in the cause entered July 18, 1955, by which order an interlocutory decree of divorce, entered March 14, 1955, in favor of plaintiff and against the defendant, was set aside.

The decree did not conform with section 6 of Court Rule No 51, adopted October 13, 1947 (318 Mich xli). There was no finding, on petition or otherwise, of need for making the decree "effective within a shorter period than 6 months," and the decree did not include the declaration required by paragraph (c) of said section 6. Instead, the following provisions were inserted in the decree:

"Effective date of decree. And it is further ordered, adjudged and decreed, that this decree shall be and is hereby a final decree of divorce in all matters contained herein upon the entry thereof, except as to remarriage, and in that particular it shall be an interlocutory decree and shall not become a final decree until 6 months from and after the date it is entered, at which time it shall automatically become a final decree unless otherwise ordered by the court during said 6 months period. Neither party shall remarry before the decree becomes final."

Decree having been so entered, defendant filed (June 22, 1955) a petition to vacate same alleging

certain acts of misconduct on the part of plaintiff occurring since entry thereof. The petition came to due hearing and resulted in entry of the mentioned order of July 18, 1955. On appeal counsel for plaintiff refers to the quoted provisions of the decree in conjunction with PA 1887, No 137 (CL 1948, § 552.46 [Stat Ann § 25.122]), and says:

"Appellant contends that the parties intended a final decree when granted and entered in that:

"1. The decree as entered was approved by counsel for appellee as a final decree except as to remarriage.

"2. That the parties following entry of the decree sold real estate in accordance with its provisions as well as dividing cash assets set out in the decree.

"3. That the cause was bitterly contested in the court below negating any possibility of a reconciliation and when the appellee withdrew his answer and cross bill of complaint, there was no need for withholding an absolute decree if the proof so justified."

*First:* The order we have identified does not dismiss the bill or otherwise constitute a final determination of the pleaded rights of the parties. It simply adjudges "that the interlocutory decree of divorce heretofore entered by this court on March 14, 1955, be set aside and the same is hereby set aside and held for naught." Adhering to our appellate rules, we might in these circumstances dismiss the appeal for want of application and grant of leave. Nevertheless, and in this specially needful instance, a majority of the Court is inclined to dispose of that which has been brought here. The record is complete, and the interests of the 4 daughters suggest that the way to entry of final decree should be cleared immediately in lieu of possible future proceedings under Court Rule No 60 (1945). We accordingly treat the claim of appeal as a granted

application and turn to such of the plaintiff's briefed contentions as are presently decisive.

*Second:* Section 6 of said Court Rule No 51 was in full force and effect* when the decree and the subsequent order (of July 18, 1955) were entered in turn. Its provisions were controlling and we must read the required substance of paragraph (c) of the section into this decree. It follows that the chancellor retained control of the decree during the required interlocutory period and that he was at liberty to set it aside for reasons constituting fair exercise of judicial discretion. Since we find no abuse of discretion in such regard, we must uphold the appealed order.

We note that the effect of the appealed and now affirmed order is to leave the case at issue for entry of such decree final as may appear just and equitable to the chancellor, on taking of further testimony or otherwise. We apprehend that the chancellor will, on motion of counsel or otherwise, make such final disposition of the case as will work out the marital difficulties of the parties consistent always with the interests of the mentioned minor children.

Affirmed. No costs, defendant having failed to submit a brief.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY, and CARR, JJ., concurred.

---

* This section came into Court Rule No 51 (1945) by amendment. It became inapplicable to divorce decrees entered after October 11, 1956, by recent amendment (347 Mich xv). The relevant practice is thus presently governed by PA 1956, No 95 (CLS 1956, § 552.9 [Stat Ann 1957 Rev § 25.89]).